# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2020

Lyle W. Cayce
Clerk

No. 19-50766
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO SILVA-VILLEGAS, also known as Fernando Viliegas-Silva, also known as Fernando Silva Villegas, also known as Fernando Villegas, also known as Fernando Silva,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-889-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Fernando Silva-Villegas appeals his conviction for illegal reentry into the United States following deportation, a violation of 8 U.S.C. § 1326. In his guilty plea, Silva-Villegas reserved the right to appeal the district court's denial of his motion to dismiss the indictment. *See* FED. R. CRIM. P. 11(a)(2). Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), as he did in his motion to dismiss

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50766

the indictment, Silva-Villegas argues that his prior removal order was invalid because the notice to appear was defective for failing to include the date and time of his removal hearing. According to Silva-Villegas, his prior removal therefore could not support a conviction for illegal reentry under § 1326, and the removal proceeding was fundamentally unfair requiring dismissal of the instant indictment. Silva-Villegas concedes that his challenges are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779), but he raises the issues to preserve them for further review. The Government has filed an unopposed motion for summary affirmance, agreeing that the issues are foreclosed by *Pedroza-Rocha* and *Pierre-Paul*.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The parties are correct that Silva-Villegas's arguments are foreclosed. *See Pedroza-Rocha*, 933 F.3d at 492-98. Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.